UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICIA NIHILL,<br><br>    Defendant. | Case No. CR06-5494FDB<br><br>ORDER DENYING MOTION TO COMPEL |

       Nihill was convicted of money laundering in the District of Nevada in 2003, a conviction that stemmed from a marijuana grow operation at a residence. Nihill was sentenced to probation and she was required to successfully complete substance abuse treatment. Nihill moved to Washington in 2006, and on April 3, 2006 was arrested for driving under the influence. Nihill failed to report this arrest to her probation officer. As a sanction, the Probation Office requested that Nihill's supervision be modified to include home confinement with electronic monitoring and a sobrietor (an electronic device that helps monitor alcohol usage. In August 2006, Nihill's supervision was transferred to the Western District of Washington.

       The Probation Office has filed a petition to revoke Nihill's probation for her failure to comply with the terms and conditions of her home confinement, alleging that Nihill used marijuana and that

ORDER - 1

she failed to properly use and failed to pass various tests given by the sobrieter.   Probation contends that the sobrietor is accurate, that it functioned properly, and that Nihill failed the tests because she has been drinking alcohol.  Nihill contends that the sobrietor is broken or not operating properly, but Nihill has failed to surrender the sobrietor to Probation as required by her agreement to participate in the program, and, thus, prevents Probation from confirming her claims that the sobrietor might somehow be malfunctioning.

Nihill moves for an order compelling the Probation Office to provide a copy of the chronological notes of the U. S. Probation Department contacts with Nihill as well as copies of the voice failure recordings that form the basis for the alleged violations between September 9, 2006 and December 5, 2006 and information about the BI home monitoring system itself (instruction and maintenance records, etc.)  Nihill requests the file one week prior to the revocation hearing or that the Court conduct an *in camera* review of the file and disclose any material arguably inconsistent with the Probation Office's allegations.

The United States has agreed to provide all records regarding the specific sobrieter, all test results associated with Nihill, and to make an expert available for Nihill's counsel so that she can familiarize herself and her client with the results of the tests. The United States argues that, therefore, there is no need to turn over the chronological records of contact absent a specific and cogent showing of need by Nihill.  The United States argues that a probation officer's files, other than that which constitutes evidence of the violations alleged, are not discoverable.  *United States v. Donaghe*, 924 F.2d 940 (9th Cir. 1991).  A probation officer is acting as an agent of the court, not as a law enforcement agent.  Moreover, the United States does not plan to offer any of the probation officer's notes into evidence.  The United States acknowledges that Nihill speculates that the notes might contain Brady material, such as that she passed breath tests when she visited probation. The United States argues, however, that the probation officer's notes are not admissible to prove test results and are not the best evidence of the results, and with regard to conversations that Nihill had

ORDER - 2

with her probation officer, Nihill does not state in what way the conversations might be exculpatory. Finally, the Government argues that Nihill's implied argument that Probation's failure to punish her immediately for her repeated failures on the sobrietor is not exculpatory nor does it disprove that she used alcohol.

Having considered the parties' arguments, and noting that the United States has provide the information requested other than the Probation Officer's notes, Defendant's motion to compel will be denied.

NOW, THEREFORE, IT IS ORDERED: Motion of Patricia Nihill to Compel [Dkt. # 14] is DENIED.

DATED this 1st day of February 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3